■ TeeVee Toons, Inc., et al., Appellants, v Prudential Securities Credit Corp., LLC, Respondent. [827 NYS2d 49]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered September 16, 2005, which, to the extent appealed from,

determined that the amounts owed by plaintiffs under the parties' contract be calculated on gross revenues rather than net profits, unanimously affirmed, with costs.

The court properly determined that under the terms of the loan agreement, defendant's share of proceeds from the sales derived from certain collateralized assets should be calculated on a gross revenue basis. The contract calls for plaintiffs to deposit all direct sales revenues, whether derived from the collateralized assets or not, into a cash collateral account. "Direct Sales Revenues" is defined as "gross revenues" derived from direct sales of products derived from the collateral, and includes "such Revenues from compilations including a part of the Collateral." It is thus clear that gross revenues from the exploitation of the collateral, whether in albums wholly derived from the collateral or in album compilations using some of the collateral, are to be deposited in the cash collateral account, and plaintiffs' argument to the contrary fails. Plaintiffs' reliance on a "Master Compilation" provision attached as an exhibit to the loan agreement is unavailing. That provision deals with the ownership of recording assets and does not address the distribution of proceeds derived from collateralized assets. Where, as here, the contractual provisions are plain and unambiguous, parol evidence is not admissible to create an ambiguity (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *see also Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Sweeny, JJ.